UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:02-CR-187 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| DANIEL S. GEIGER ) | |

# **M E M O R A N D U M**

Defendant Daniel S. Geiger ("Defendant") has filed a *pro se* Motion for Stay of Execution of Judgment Pending Appeal (Court File No. 360). The Government filed a response opposing this motion (Court File No. 359). For the following reasons, the Court will **DENY** Defendant's motion.

**I.     BACKGROUND**

Defendant was convicted by a jury of four counts of wire fraud in violation of 18 U.S.C. § 1343, three counts of graft in violation of 18 U.S.C. § 1954, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and six counts of money laundering in violation of 18 U.S.C. § 1957 (*see* Court File No. 279, Jury Verdict). Defendant was sentenced in this Court on February 4, 2005 to 108 months imprisonment and ordered to pay $6,700,000 in restitution (*See* Court File No. 323). Defendant was ordered to pay, while incarcerated, a minimum of $25 per quarter in restitution if he did not hold a Federal Prison Industries job (*Id.*). The judgment entered against Defendant also provides the payments made by Defendant while he is incarcerated "do not preclude the government from using other assets or income of the defendant to satisfy his restitution obligation" (*Id.* at p. 7). On October 21, 2005 Defendant requested his

quarterly payments be increased from $25 to $75 (Court File No. 356, p. 32).

Defendant filed a notice of appeal on February 9, 2005. Although this appeal originally was dismissed by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") for want of prosecution on April 13, 2005 (*see* Court File No. 327), it was reinstated on July 28, 2005 (*see* Court File No. 349). This appeal is now pending.

To date, the Government has collected approximately $600,000 of the $6,700,000 owed by Defendant (Court File No. 359, p. 1; Court File No. 360, p. 4). According to Defendant, the Government has been making an effort to collect additional assets and/or monies from him (*See* Court File No. 360, p. 3). Apparently, in making this effort the Government has asked Defendant to respond to the following two documents: (1) "United States' First Request For Production In Aid of Execution To Dan Geiger," and (2) " United States' First Interrogatories In Aid Of Execution To Defendant Dan Geiger" (*Id.*).

## II. DISCUSSION

Defendant requests the Court to stay the execution of the judgment so the Government will not be able to collect any additional monies and/or assets from him pending appeal. Fed. R. Crim. P. 38(e)(1) provides in pertinent part, "[i]f the defendant appeals, the district court . . . may stay – on any terms considered appropriate – any sentence providing for restitution . . . ." Defendant has appealed the Court's restitution order; therefore it is proper for this Court to consider Defendant's motion.

Defendant gives many reasons in support of his argument the Court should stay execution of the restitution order entered against him. He contends a stay is warranted because he has been

2

paying his quarterly restitution payments, has not violated the Court's restitution order, and the Government has already collected $600,000. Further, he argues he cannot adequately respond to the Government's request for production or the interrogatory questions because "he does not have access to any personal or corporate financial records to the extent requested . . ." (*Id.*). In addition, Defendant contends the Government has received $600,000 without providing an accounting of those funds and has not credited the $600,000 towards the total amount of restitution owed. Lastly, Defendant argues the restitution order should be stayed because his appeal is meritorious. (*Id.* at pp. 3-7).

Defendant has not presented any reason justifying a stay of the restitution order entered against him. While the Court is pleased Defendant is in compliance with the Court's order requiring him to pay quarterly $25 payments, this does not justify a stay. Although the Government has collected $600,000, this is only a small portion of the total amount owed by Defendant and does not take away from the fact Defendant still owes approximately $6,100,000. As for the two documents sent to Defendant by the Government, whether Defendant can adequately respond is entirely irrelevant to the issue of whether the Court should enter a stay.

Defendant's claim the $600,000 has not been credited towards the overall restitution amount is simply wrong. The $600,000 has been credited to Defendant's overall restitution obligation. Although the Government has not given an accounting of the money to Defendant, it is not required to. To the extent Defendant is concerned with the Government improperly paying money to victims because his appeal has merit, his concern is misplaced. If the Sixth Circuit were to vacate in whole the restitution order contained in this Court's judgment, once the subsequent judgment became final, Defendant could seek a remission of the collected monies and/or assets from the Government.

3

Lastly, Defendant's grounds for appeal are not such close calls that warrant a stay in this case.

### III. CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's Motion for Stay of Execution of Judgment Pending Appeal (Court File No. 360).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**